## Williams *vs* Hall, &c.

CHANCERY.

ERROR TO THE MONTGOMERY CIRCUIT.

*Case* 81.

*Practice in Chancery. Parties.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

*June* 16.

In the case of *Hall* vs *Hall's heirs*, in chancery, Williams not being a party, swore to and filed his petition, answer and cross bill. The petition referring to and embracing the answer, prays that he be made a party, and the accompanying answer be taken as an answer to the bill, &c. It does not appear that any motion to this effect was openly made in Court, further than is implied by filing the petition and answer. We are of opinion, however, that the petition itself is to be regarded as a written application to the Chancellor that the petitioner should be made a party; and that being filed in open Court, noted upon the record, and placed among the papers of the cause, it is properly a part of the record, to be read and acted on as such by him whenever the case is submitted for his action, unless by reason of intervening circumstances laches or otherwise, the benefit of the application should be considered as being lost or abandoned. The usual, and convenient practice is, to move the Court orally upon the matter of the petition and as soon as it is filed, so as to have a decision at once upon the right of the applicant to be made a party. It is not the duty of the Court to take up the application before the hearing of the cause, unless upon motion to that effect. And in view of the great inconvenience which might arise from a delay of preparation in respect to parties, the Court should perhaps disregard such an application, if after being permitted to remain a long time without being brought to its notice for decision, it is at last only found among the papers, under circumstances which might authorize the presumption that it was waived or had no real foundation.

On filing a petition by one who conceives himself interested in the event of a chancery cause, the correct practice is to ask orally of the Court that the matter of it be considered, and the petitioner be made a party—otherwise it is not the duty of the Court to take up the subject of the petition until the hearing of the cause.

But we do not suppose that the benefit of an application of this sort, or the right to have it decided is lost by

—But if such petition be filed of record, the pe-

WILLIAMS
*vs*
HALL, &c.

titioner should not lose the benefit thereof by failing to require the action of the Court thereon before the hearing of the cause.

the mere failure to move expressly for a decision at the moment of filing the petition. The petition itself asks for a rule upon the complainant to make the petitioner a party. It is a written motion to that effect, made in the case, and properly filed as a part of the record. And any further or oral motion is only necessary for bringing it at once before the Court. Unquestionably this might have been done at any time during the term at which the petition was filed, and more specially while the cause remained undisposed of. And as this cause *was in fact* submitted at the same term at which the petition was filed, and in three days afterwards, we think the petition is to be considered as having been then properly before the Court for decision, and as having been then, in fact, decided and overruled by the decree rendered upon the merits without noticing Williams.

Is Williams then, so connected with the record that he may prosecute a writ of error to reverse the decree because he was not made a party? If before the hearing he had expressly asked the Court to dispose of the prayer of his petition, and it had been *expressly overruled,* and he had taken a bill of exceptions, there could be no doubt of his right to prosecute the writ of error, nor of the propriety of reversing the decree on his writ, if his petition showed that he was a necessary party. But as he had a right to file his petition, and it was filed and noted, and thus become a part of the record, the bill of exceptions would not have been necessary to make it a part of the record, but would only have been useful to show when and how, and under what circumstances, the disposition of it had been asked for and made. If the record itself in stating the filing of the petition had stated also that it was overruled, a bill of exceptions would have been unnecessary, unless to show some extraneous fact which would not otherwise appear. This case differs obviously from a mere motion for leave to file a bill or other paper in a pending cause, when the paper does not, by the mere effect of the motion, become a part of the record.

One who filed a petition of record to be made a party to a pending cause, but which the Court disregarded, may prosecute a writ of error to the decision of the Court in disregarding it.

In this case every thing appears which is necessary, viz: that the application, by petition, to be made a party, was

regularly filed in open Court, that as a part of the record it was before the Court for decision on submission of the cause without an undue delay, after it was filed, and that by the decree it was overruled. A bill of exceptions was unnecessary and would have 'been inappropriate. And although Williams was not pressing for a decision of his application; yet as he had not lost the right of doing so with full effect, and it was in fact before the Court and was in fact overruled, we think he is entitled to question the correctness of the decision as much as if he had pressed it.

Upon the facts stated in the petition, Williams was clearly a necessary party, entitled to litigate the complainant's claim, and interested in the subject of the suit. The overruling of his petition was, therefore, an error, and as the decree is prejudicial to his interest, it is subject to reversal on his writ, as the remedy for the error of his not being made a party. Whatever other errors there may be in the record, they cannot be complained of by him in his present attitude, and are, therefore, not noticed.

One who by his petition filed of record, shows himself to be interested in the subject matter in contest, should be made a party, and for the failure of the Court to require it to be done, the cause may be reversed on the application of the petitioner.

Whether any of the actual defendants might have reversed the decree for the want of proper parties, as shown by the petition of Williams, need not be decided. The writ of error is in his name only against all the actual parties. And it is to his rights only that this opinion is intended to refer.

Wherefore, the decree is reversed and the cause remanded, with directions to rule the complainant to make the petitioner, Williams, a defendant to his bill, under penalty of having it dismissed without prejudice, and for further proceedings.

*Hazlerigg* for plaintiff; *Apperson and Peters* for defendants.